IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM WYLAND, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GARY BROWNFIELD, Sheriff; ANGELA )<br>ZIMMERLINK, Commissioner; VINCENT )<br>VICITIES, Commissioner; LARRY )<br>MEDLOCK, Warden; MR. SILEO; )<br>GERAUD STRICKLER, )<br>Defendants. ) | Civil Action No. 08-1601<br>Magistrate Judge Maureen P. Kelly |

## OPINION AND ORDER

**Kelly, Magistrate Judge**

Plaintiff, William Wyland, initiated this civil rights case on November 20, 2008, alleging that Defendants violated his rights provided by the United States Constitution relative to his treatment as an inmate at the Fayette County Jail.  ECF Nos. 1, 6.

An Amended Complaint was filed on January 11, 2011, ECF No. 86, and on February 18, 2011, Defendants filed a Motion to Dismiss.  ECF No. 90.  On November 9, 2011, this Court issued a Memorandum Opinion and Order granting Defendants' Motion to Dismiss.  ECF Nos. 104, 105.  The Court, however, gave Plaintiff twenty days, or until November 29, 2011, to file an Amended Complaint with respect to the two claims that the Court found were properly dismissed without prejudice, *i.e.*, an Eighth Amendment claim based upon the conditions of his confinement related to medical care and the alleged unsanitary conditions of his particular housing, and a First Amendment claim regarding the alleged interference with his incoming/outgoing mail and telephone calls.  Id.

On December 13, 2011, having learned that Plaintiff had not received the copies of the Memorandum Opinion and Order that had been sent to him, the Court reissued those documents

granting Plaintiff another twenty days, or until January 2, 2012, to file an Amended Complaint with respect to his Eighth and First Amendment claims.  ECF: 12/13/2011 Text Order.  Plaintiff was also advised that failure to file an Amended Complaint would result in Defendants' Motion to Dismiss being granted as to all claims.  Id.

Rather than file an Amended Complaint, Plaintiff filed a "Motion to Alter Judgment," ECF No. 108, in which he asked the Court to reconsider its ruling on Defendants' Motion to Dismiss.  Consequently, the Court issued another Order denying Plaintiff's Motion to Alter Judgment and granting Plaintiff yet another opportunity -- until January 23, 2011 -- to file an Amended Complaint.  ECF: 12/21/2011 Text Order.

Plaintiff again declined to file an Amended Complaint but rather, on January 9, 2012, filed an appeal from the Court's Order granting Defendants' Motion to Dismiss to the United States Court of Appeals for the Third Circuit.  ECF No. 110.  The Court of Appeals, however, dismissed Plaintiff's appeal on September 18, 2012, for failure to prosecute.  ECF No. 112.

As a result, on September 25, 2012, this Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute since Plaintiff failed to file an Amended Complaint on January 23, 2012, as previously ordered by the Court.  ECF No. 113.  The Order to Show Cause was returnable on October 9, 2012.  Id.

To date, Plaintiff has not only failed to respond to the Order to Show Cause but he has still failed to file an Amended Complaint or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must

consider six factors.  These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty</u>

<u>Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1)    The extent of the party's personal responsibility.
>
> (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3)    A history of dilatoriness.
>
> (4)    Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6)    The meritoriousness of the claim or defense.

Consideration of these factors indicates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weigh heavily against him.  Plaintiff's repeated failure to file an Amended Complaint as directed by the Court and his failure to respond to the Order to Show Cause was not only solely his personal responsibility but his failure to do so even at this juncture appears willful and constitutes a history of dilatoriness.[1]

Similarly, factor No. 6 -- the meritoriousness of the claim -- also weighs against Plaintiff as the Court has already found that he has failed to state a claim and that, absent an amendment curing the deficiencies, his Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendants other than general delay and the uncertainty of knowing whether they must continue to defend themselves in this action which was initiated almost four years ago.  Nevertheless,

---

[1] Moreover, it is not without significance that Plaintiff's appeal to the Court of Appeals for the Third Circuit was dismissed for failure to prosecute as Plaintiff has failed to comply with an order issued by the Court.  ECF No. 112.

"[n]ot all of these factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate.  Moreover, Plaintiff's failure to comply with the Court's orders, particularly those directing him to file an Amended Complaint, has prevented this case from proceeding, and suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

AND NOW, this 16th day of October, 2012, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case is DISMISSED for failure to prosecute.

BY THE COURT,


<u>/s/ Maureen P. Kelly</u>
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:     William Wyland
        KE-4024
        SCI Pittsburgh
        P.O. Box 99991
        Pittsburgh, PA 15233

        All counsel of record by Notice of Electronic Filing